```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE CHATMON,

                              Petitioner,

        -v-

J. MANCE, Superintendent, Marcy Correctional
Facility,

                              Respondent.

No. 07-CV-9655 (KMK) (GAY)

ORDER ADOPTING REPORT
AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

        Pro se Petitioner Willie Chatmon ("Petitioner") brings this petition for a writ of habeas

corpus ("Petition"), pursuant to 28 U.S.C. § 2254, challenging his conviction for assault in the

second degree.  The case was referred to Magistrate Judge George A. Yanthis, pursuant to 28

U.S.C. § 636(b).  On April 8, 2010, Magistrate Judge Yanthis issued a Report and

Recommendation ("R&R"), concluding that this Court should deny the Petition in all respects.

For the reasons stated herein, the Court adopts the R&R and denies Petitioner's claims for

habeas relief.

## I.  Background

        Although the Court assumes the Parties' general familiarity with the factual and

procedural background of this case as set forth in the R&R, the Court will briefly summarize the

facts most salient to the Petition.

### A.  Offense and Conviction

        On February 19, 2003, Petitioner was involved in an altercation with his neighbor,

Septivol Bolt, in which Petitioner struck Bolt in the back of the head.  (Mem. Of Law and

Resp't's Exs. ("Resp't Mem.") 2-3.)  On November 18, 2003, after a jury trial in New York

Supreme Court, Westchester County, Petitioner was convicted of assault in the second degree

under N.Y. Penal Law § 120.05(2) and was sentenced to six years' imprisonment and five years'

post-release supervision.  (*Id.* at 1.)[1]  On or about February 27, 2004, Petitioner filed a Motion to

Set Aside the Verdict pursuant to N.Y. Crim. Proc. Law § 330.30.  (*Id.* Ex. 2.)  That motion was

denied by the trial court on June 22, 2004.  (*Id.* Ex. 4.)

    B.  Direct Appeal

      In his direct appeal brought in January 2006, Petitioner argued:  (1) that the trial court's

"*Sandoval* ruling was grossly unfair" and (2) that Petitioner was denied his right to a fair trial

because:  (a) the trial court "forced him to proceed through the jury selection dressed in prison

garb"; (b) the prosecution "elicited hearsay testimony which improperly bolstered" the testimony

of its sole witness; (c) the trial court "refused to give a curative instruction or direct a mistrial"

after the prosecution elicited testimony from a police witness concerning a statement allegedly

made by Petitioner, but not noticed pursuant to N.Y. Crim. Proc. Law § 710.30 ("CPL 710.30");

and (d) there was prosecutorial misconduct during trial and alleged attempts to shift the burden

of proof during summation.  (Resp't Mem. Ex. 5, at 15-53.)  On July 25, 2006, the Appellate

Division, Second Department unanimously affirmed Petitioner's conviction, rejecting each of

Petitioner's arguments.  *See People v. Chatmon*, 818 N.Y.S.2d 481 (App. Div. 2006).  The

Second Department stated:

> The defendant's argument that the admission of certain hearsay testimony from
> the complainant's wife and two police officers constituted improper bolstering is
> unpreserved for appellate review.  In any event, the admission of the testimony

---

[1] After being released on parole on February 13, 2009, Petitioner violated his conditions
of parole and was reincarcerated on or about February 17, 2009.

did not constitute impermissible bolstering as the testimony was admissible for relevant, nonhearsay purposes.
The defendant's contentions raised in Points I and IV, and his contention in Point V that the prosecutor's summation shifted the burden of proof, are without merit, and his remaining contentions are unpreserved for appellate review.

*Id.* at 481 (internal citations omitted).

On November 7, 2006, the New York Court of Appeals summarily denied Petitioner leave to appeal. *See People v. Chatmon*, 860 N.E.2d 72 (N.Y. 2006).

C. Post-Judgment Motions in State Court

After the Appellate Division's decision, Petitioner filed a pro se motion to vacate the judgment of conviction, pursuant to N.Y. Crim. Proc. Law § 440.10 ("440.10 Motion"), in Westchester County Supreme Court on December 27, 2006. (Resp't Mem. Ex. 8.) In this motion, Petitioner argued that: (1) his constitutional right to a fair trial was violated when the trial court allowed the prosecution to cross-examine him regarding the conduct underlying his 1984 arrest for attempted arson and burglary; (2) the prosecution violated N.Y. Crim. Proc. Law §§ 160.50 ("CPL 160.50"), 160.60 ("CPL 160.60"), and 190.25(4)(a) ("CPL 190.25(4)(a)"), as well as N.Y. Penal Law § 215.70 ("Penal Law 215.70") by questioning him about that arrest; and (3) Petitioner's trial counsel was ineffective because he: (a) failed to "guard against inadmissible evidence and . . . understand the basic principles of criminal law"; (b) failed to investigate the case and prepare adequately for trial; (c) failed to call a doctor to testify as an expert witness that Petitioner cannot bend his left knee; (d) failed to introduce Petitioner's grand jury testimony as evidence that he could not bend his left knee; (e) failed to call as fact witnesses Petitioner's mother and ex-girlfriend; and (f) failed to introduce as evidence photographs of where the incident occurred. (*Id.*)

3

On June 25, 2007, Justice Sam Walker denied Petitioner's motion in its entirety, holding that: (1) the trial court's *Sandoval* ruling reflected "an appropriate exercise of discretion" and, furthermore, the issue "was raised on appeal and was determined upon the merits"; (2) the claims "that the prosecution violated CPL §§ 160.50, 160.60 and 190.24(4)(a) and Penal Law § 215.70 are also misplaced . . . because the questioning of the defendant during cross-examination was done in the lawful discharge of [the prosecutor's] duties and in accordance with the court's *Sandoval* ruling"; and (3) "[a]s to the defendant's claim of ineffective assistance of counsel, the defendant is foreclosed from raising this issue by way of a CPL 440.10 motion since the defendant failed to raise this issue on his direct appeal." (Resp't Mem. Ex. 10.)

On September 12, 2007, the Appellate Division denied Petitioner leave to appeal the Supreme Court's denial of his 440.10 motion. (Resp't Mem. Ex. 12.)

D. Habeas Petition

Petitioner, proceeding pro se, filed the instant Petition on October 11, 2007, asserting five grounds for habeas relief. First, he contends that the trial court's *Sandoval* ruling was "grossly unfair" and thus deprived him of his right to a fair trial. (Pet'r's Mem. of Law in Supp. of Pet. ("Pet'r Mem.") 1-8.) Second, Petitioner claims that he was denied a fair trial as a result of the trial court's refusal to grant a "curative instruction or declare a mistrial after the prosecutor elicited testimony from a police witness" concerning a statement allegedly made by Petitioner but not noticed pursuant to CPL 710.30. (*Id.* at 9-14.) Third, Petitioner asserts that he was denied a fair trial due to prosecutorial misconduct during trial and summation. (*Id.* at 15-20.) Fourth, Petitioner contends that he was denied his "rights of privacy and due process" when the trial court allowed the prosecution to cross-examine Petitioner about his conduct underlying his 1984 arrest for attempted arson and burglary. (*Id.* at 21-24.) Fifth, Petitioner claims that he was

4

denied effective assistance of counsel due to his counsel's failure to: (a) "guard against inadmissible evidence"; (b) call as an expert witness a doctor to testify about Petitioner's inability to bend his knee; (c) introduce grand jury testimony regarding Petitioner's knee; (d) call certain fact witnesses to testify about the condition of Petitioner's knee; and (e) introduce photographic evidence of the location where the incident occurred and investigate and prepare prior to trial. (*Id.* at 25-35.)

Magistrate Judge Yanthis concluded that all of Petitioner's claims to habeas relief were without merit and recommended that the Petition be denied in its entirety. (R&R 23.) Petitioner filed timely objections to the R&R on April 21, 2010, specifically objecting to the R&R's conclusions as to Petitioner's fourth and fifth claims. (Objections to Magistrate Judge's Report ("Obj.") 1-4.)[2]

## II. Discussion

### A. Standards of Review

#### 1. Review of Magistrate Judge's Report & Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the

---

[2] On April 26, 2010, Petitioner also filed a Notice of Appeal to the Second Circuit stating that he was appealing "from the order denying [his] application for a Writ of Habeas Corpus." (Dkt. No. 33.) On May 10, 2010, the Court issued an order declining to certify Petitioner's appeal, without prejudice, because it was an interlocutory appeal of Magistrate Judge Yanthis's R&R, and this Court had yet to rule on Petitioner's Objections. (Dkt. No. 34.)

magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." *Id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(c)-(f), *see* Fed. R. Civ. P. 6(d), as was the case here, for a total of seventeen working days, *see* Fed R. Civ. P. 6(a)(2).

Where a party submits timely objections to a report and recommendation, as Petitioner has here, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. In contrast, the district court "may adopt those portions of the . . . report [and recommendation] to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *See Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (internal quotation marks omitted).

### 2. Review of Petition for Habeas Corpus Relief

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)-(d)(1). Thus, Petitioner is entitled to habeas corpus relief only if he can show that "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it." *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)). "While 'the precise method for

distinguishing objectively unreasonable decisions from merely erroneous ones' is somewhat unclear, 'it is well-established in [the Second] Circuit that the objectively unreasonable standard of § 2254(d)(1) means that petitioner must identify some increment of incorrectness beyond error in order to obtain *habeas* relief.'" *Sorto v. Herbert*, 497 F.3d 163, 169 (2d Cir. 2007) (internal brackets omitted) (quoting *Torres v. Berbary*, 340 F.3d 63, 69 (2d Cir. 2003)).  The state court's determination of factual issues is presumed correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Hoi Man Yung v. Walker*, 468 F.3d 169, 176 (2d Cir. 2006).

### 3.  Review of Submissions by Pro Se Litigant

Pleadings submitted by pro se litigants are held to a lesser standard than those drafted by practicing attorneys. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties.").  Because Petitioner is proceeding pro se, the Court construes his submissions liberally so as to interpret them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### B.  Analysis

#### 1.  *Sandoval* Ruling

In Petitioner's first claim for habeas relief, he argued that the trial court's *Sandoval* ruling was "grossly unfair" and thus denied him his right to a fair trial.[3] (Pet'r Mem. 1.)  After

---

[3] New York law permits the government to cross-examine a defendant who chooses to testify about prior acts that bear logically on the defendant's credibility. *See People v. Sandoval*, 314 N.E.2d 413, 416 (N.Y. 1974) (holding that the trial court must balance the "probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility on the one hand, and on the other the risk of unfair prejudice to the defendant").

conducting a *Sandoval* hearing, the trial court balanced the probative value of Petitioner's prior bad acts with the prejudice that inquiry about them would cause Petitioner and precluded inquiry as to: (1) Petitioner's 2002 conviction for third degree attempted rape; (2) Petitioner's two robbery convictions; and (3) Petitioner's 1984 arrest for second degree obstruction of governmental administration, 1984 arrest for assault and robbery, and 1985 arrest for assault. (R&R 7-8.) The trial court did allow cross-examination of Petitioner pertaining to: (1) his convictions in 1984 for second degree attempted robbery, in 1986 for second degree robbery, and in 1984 for fourth degree criminal mischief; (2) the facts underlying his conviction for criminal mischief; and (3) the conduct underlying his 1984 arrest for attempted arson and burglary, during which Petitioner "allegedly broke into his mother's house and stole jewelry, then allegedly poured gasoline inside the house, lit a match and threatened to burn down the house." (*Id.* at 8.)

Magistrate Judge Yanthis concluded that the trial court's *Sandoval* ruling was proper, as it was within the court's discretion to allow such impeachment and, "even if the impeachment evidence was erroneously admitted, it was not sufficiently prejudicial so as to interfere with [P]etitioner's constitutional right to a fair trial," because both the prosecutor and the court explained to the jury that the bad acts were only to be used to evaluate Petitioner's credibility. (*Id.* at 8-9.) This was the appropriate application of law. *See Green v. Herbert*, No. 01-CV-11881, 2002 WL 1587133, at *15 (S.D.N.Y. July 18, 2002) (*Sandoval* balancing "is left to the sound discretion of the trial judge"); *Schurman v. Leonardo*, 768 F. Supp. 993, 1001 (S.D.N.Y. 1991) (setting forth the requirements to establish that a constitutional violation has occurred as a result of the erroneous admission of evidence, namely that the evidence must have been "crucial, critical, highly significant").

Because Petitioner's objections did not make any specific reference to this issue or to Magistrate Judge Yanthis's analysis thereof, the Court reviews this portion of the R&R for clear error. Finding no error, clear or otherwise, in Magistrate Judge Yanthis's analysis, the Court adopts his finding that Petitioner's claim pertaining to the *Sandoval* rulings does not merit habeas relief.

### 2. Testimony Not Noticed Pursuant to CPL 710.30

Petitioner's second claim is that he was denied his right to a fair trial because certain police testimony concerning Petitioner's statement to the police was "materially different" from Petitioner's statement that had been noticed pursuant to CPL 710.30. (Pet'r Mem. 9.)  CPL 710.30 specifies that when the prosecution intends to offer "evidence of a statement made by a defendant to a public servant," such as a police officer, the prosecution "must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered." N.Y. Crim. Proc. Law § 710.30.  At trial, police witness testimony included information beyond that identified in the CPL 710.30 notice.  (R&R 10-11.)

Magistrate Judge Yanthis, noting that "the court fashioned an appropriate and adequate remedy" by striking the improper testimony and issuing a curative instruction to the jury, rejected this claim.  (R&R 11.)  In Magistrate Judge Yanthis' view, these acts blunted any undue prejudice to Petitioner. *See Foster v. Miller*, No. 04-CV-7990, 2007 WL 1893726, at *2 (S.D.N.Y. June 29, 2007) ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an overwhelming probability that the jury will be unable to follow the court's instructions . . . ." (alterations and internal quotation marks omitted) (quoting *Greer v. Miller*, 483 U.S. 756, 767 (1987))).  Because Petitioner's objections did not make any specific reference to this issue or to Magistrate Judge

9

Yanthis's analysis thereof, the Court reviews this portion of the R&R for clear error.  Finding no

error, clear or otherwise, in Magistrate Judge Yanthis's analysis, the Court adopts his finding

that Petitioner's claim pertaining to the police testimony does not merit habeas relief.

### 3.  Prosecutorial Misconduct

Petitioner makes a number of arguments in support of his claim of "pervasive

prosecutorial misconduct." (Pet'r Mem. 15.)  First, Petitioner asserts that the prosecution

"suggested that [Petitioner] had a propensity for violence." (*Id.*)  Second, the prosecution

allegedly allowed a police witness to "testify falsely concerning [Petitioner's] out-of-court

statement and [the prosecutor] vouched for her witnesses." (*Id.*)  Third, Petitioner claims the

prosecution "denigrated" the defense and "repeatedly shifted the burden of proof." (*Id.* at 18.)

Magistrate Judge Yanthis determined that most of these claims were barred by procedural

default, due to the fact that, "with the exception of [P]etitioner's claim of burden-shifting,

defense counsel did not preserve [P]etitioner's prosecutorial misconduct claims," and because

Petitioner "has made no attempt to show cause or prejudice." (R&R 14 (citing *Garcia v. Lewis*,

188 F.3d 71, 79 (2d Cir. 1999) (noting that federal courts "have observed and deferred to New

York's consistent application of its contemporaneous objection rules").)  With regard to

Petitioner's claim that the prosecution improperly shifted the burden during summation,

Magistrate Judge Yanthis found that the "statements in question did not, on their face,

improperly shift the burden of proof" and, in any event, the statements did not cause Petitioner

substantial prejudice because the trial court's instructions to the jury regarding the prosecution's

burden of proof were clear. (*Id.* at 17.)  *See Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994)

("[I]n order to be entitled to habeas relief, [the petitioner] must demonstrate that he suffered

actual prejudice because the prosecutor's comments during summation had a substantial and

injurious effect or influence in determining the jury's verdict.").

Because Petitioner's objections did not make any specific reference to this issue or to Magistrate Judge Yanthis's analysis thereof, the Court reviews this portion of the R&R for clear error. Finding no error, clear or otherwise, in Magistrate Judge Yanthis's analysis, the Court adopts his finding that Petitioner's claim pertaining to the prosecution's conduct does not merit habeas relief.

### 4.  New York Sealing Statutes

Petitioner's Objections to the R&R do contest Magistrate Judge Yanthis's rejection of Petitioner's fourth claim, that the prosecutor's inquiry into the conduct underlying Petitioner's 1984 arrest for attempted arson and burglary violated CPL 160.50, 160.60, and 190.25(4)(a), and Penal Law 215.70.  (Obj. 1-2.)  Accordingly, the Court will review that portion of the R&R de novo.

Petitioner asserts that the above-cited statutes – most specifically CPL 160.50, which provides that "[u]pon the termination of a criminal action or proceeding against a person in favor of such person . . . the record of such action or proceeding shall be sealed" – should have precluded the prosecutor from inquiring into the conduct underlying Petitioner's 1984 arrest, because the records of the arrest were sealed.  (*Id.*) Magistrate Judge Yanthis found Petitioner's arguments to be "misplaced" because the prosecution "sought and received the court's permission to inquire into the underlying facts of the attempted arson and burglary" and, "[i]n any event, [P]etitioner has failed to demonstrate that the trial court's adjudication of the issue on its merits 'was contrary to, or involved an unreasonable application of clearly established Federal law.'"  (R&R 10.)

11

Petitioner objects, arguing that "Judge Yanthis completely overlooked a clear constitutional violation" of his privacy and due process rights under the Fourteenth Amendment. (Obj. 1.) He contends that inquiry into a sealed case represents a violation of CPL 160.50, and that such inquiry violated his federal right to due process. (*Id.* at 1-2.) The Court disagrees. The New York Court of Appeals has "concluded that a violation of CPL 160.50 'does not implicate constitutional considerations.'" *Charles Q. v. Constantine*, 650 N.E.2d 839, 841 (N.Y. 1995) (quoting *People v. Patterson*, 587 N.E.2d 255, 257 (N.Y. 1991)) (rejecting argument that admission of petitioner's sealed criminal record violated his constitutional rights); *see also Patterson*, 587 N.E.2d at 258 (identification of defendant through the use of a photograph sealed pursuant to CPL 160.50 did not violate any constitutional rights); *People v. Gilbert*, 523 N.Y.S.2d 557, 558 (App. Div. 1988) (identification of defendant through the use of fingerprints sealed pursuant to 160.50 does not warrant "dismissal of the indictment nor suppression of the identification testimony"). Because an alleged violation of CPL 160.50 "does not implicate constitutional considerations," Petitioner's Fourteenth Amendment rights were not violated, and Petitioner's claim is not a valid ground for federal habeas relief.

The Court also finds that habeas relief is unwarranted under the remaining statutes cited by Petitioner. CPL 160.60 provides that, where a criminal proceeding has been terminated in favor of the defendant, "except . . . upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution." N.Y. Crim. Proc. Law § 160.60. Here, CPL 160.60 was not violated because the disclosure was authorized by the trial court. And in any case, as with CPL 160.50, a violation of CPL 160.60 does not rise to the level of a constitutional violation, and does not merit federal habeas relief. *See Palacio v. Goord*, No. 03-CV-836, 2008 WL 87551, at *2 (N.D.N.Y. Jan. 7, 2007) (finding

12

that claims arising under 160.60 do not give "rise to a constitutional right").

Petitioner did not mention CPL 190.25(4)(a) or Penal Law 215.70 in his Objections, but in his Petition, he asserts that these sections are relevant because they provide that grand jury proceedings are secret and that prosecutors may not disclose the nature or substance of grand jury testimony, except in the lawful discharge of official duties or upon written order of the court. (Pet'r Mem. 24.) Petitioner did not explain what conduct he believes violated these statutes. Regardless, the Court can discern no facts that could constitute a violation of these statutory provisions. CPL 190.25(4)(a) provides that:

> Grand jury proceedings are secret, and no grand juror, or other person specified in subdivision three of this section or section 215.70 of the penal law, may, except in the lawful discharge of his duties or upon written order of the court, disclose the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding. For the purpose of assisting the grand jury in conducting its investigation, evidence obtained by a grand jury may be independently examined by the district attorney, members of his staff, police officers specifically assigned to the investigation, and such other persons as the court may specifically authorize. Such evidence may not be disclosed to other persons without a court order. Nothing contained herein shall prohibit a witness from disclosing his own testimony.

N.Y. Crim. Proc. Law § 190.25(4)(a). Penal Law 215.70 provides that:

> A person is guilty of unlawful grand jury disclosure when, being a grand juror, a public prosecutor, a grand jury stenographer, a grand jury interpreter, a police officer or a peace officer guarding a witness in a grand jury proceeding, or a clerk, attendant, warden or other public servant having official duties in or about a grand jury room or proceeding, or a public officer or public employee, he intentionally discloses to another the nature or substance of any grand jury testimony, or any decision, result or other matter attending a grand jury proceeding which is required by law to be kept secret, except in the proper discharge of his official duties or upon written order of the court. Nothing contained herein shall prohibit a witness from disclosing his own testimony.

N.Y. Penal Law § 215.70. To the extent Petitioner is claiming that the prosecutor improperly disclosed information from grand jury proceedings while cross-examining Petitioner, such

disclosure was made in the proper discharge of the prosecutor's official duties and pursuant to the court's *Sandoval* order and, therefore, was not a violation of these provisions. Moreover, Petitioner has failed to explain how any supposed violation of these state statutes would violate a federal right.

Accordingly, the Court denies Petitioner's claim for habeas relief to the extent it is based on the New York sealing statutes.

### 5. Ineffective Assistance of Trial Counsel

Petitioner also objects to Magistrate Judge Yanthis's rejection of Petitioner's fifth claim of ineffective assistance of counsel. (Obj. 3-4.) The Court will therefore review that portion of the R&R de novo.

Petitioner makes several arguments in support of his claim that his counsel was ineffective. First, Petitioner's counsel allegedly failed to "inform[] the trial court that the prosecution had violated CPL 160.50" by inquiring into a sealed case, and thus failed to "guard against inadmissible evidence." (Pet'r. Mem. 25.) Second, his counsel refused to call a physician as an expert witness to confirm that Petitioner could not bend his knee, and thus could not have pinned down the victim as was alleged. (*Id.* at 27.) Third, his counsel failed to "introduce [Petitioner's] grand jury testimony as evidence that [he] could not bend [his] left knee." (*Id.* at 29.) Fourth, his counsel chose to not call Petitioner's mother and ex-girlfriend to testify that he could not bend his knee. (*Id.* at 32.) Fifth, his counsel allegedly failed to "investigate the case and prepare for trial," and did not introduce "photographs taken by [Petitioner's] ex-girlfriend where the incident had occurred." (*Id.* at 34.)

Magistrate Judge Yanthis first discussed the extent to which Petitioner's ineffective counsel claim is barred by procedural default, because it was not raised on direct appeal. (R&R

14

18-19.) After reviewing this issue de novo, the Court agrees with Judge Yanthis's analysis.

A claim for federal habeas corpus relief from a state court's judgment is procedurally barred

when the state judgment declined to address the petitioner's federal claims due to "independent

and adequate state grounds." *Colon v. Ercole*, No. 09-CV-746, 2011 WL 1197656, at *5

(S.D.N.Y. Feb. 1, 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). The only

exception is where "the prisoner can demonstrate cause for the default and actual prejudice as a

result of the alleged violation of federal law, or demonstrate that failure to consider the claims

will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Perez v.

Conway*, No. 09-CV-5173, 2011 WL 1044607, at *10 (S.D.N.Y. Mar. 18, 2011) (noting that

district courts will not review the merits of a claim suffering from procedural default "in the

absence of any showing that there was good cause for [the petitioner's] default and prejudice

flowing from it or proof that there has been a fundamental miscarriage of justice").

 Petitioner raised the same ineffective assistance of counsel claims in his 440.10 motion to

vacate his conviction as in his federal habeas petition. The state court concluded that Petitioner

was foreclosed from raising these issues in a 440.10 motion because he had failed to raise them

on direct appeal.[4]  (Resp't Mem. Ex. 10, at 2-3.) New York law provides that a court "must deny

a motion to vacate a judgement when . . . [a]lthough sufficient facts appear on the record of the

proceedings underlying the judgment to have permitted, upon appeal from such judgment,

adequate review of the ground or issue raised upon the motion, no such appellate review or

determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or

---

[4] The trial court also "did undertake a thorough review of the merits of defendant's
ineffective assistance of counsel claims and [found] that they essentially fall under the category
of a disagreement with defense strategies or trial tactics and [were] insufficient to establish an
ineffective assistance claim." (Resp't Mem. Ex. 10, at 3.)

issue upon an appeal actually perfected by him." N.Y. Crim. Proc. Law § 440.10(2)(c).[5]  The

state court explained that "[a] CPL 440.10 application cannot be employed as a substitute for

direct appeal when defendant was in a position to raise an issue on appeal . . . or could readily

have raised it on appeal but failed to do so."  (Resp't Mem. Ex. 10, at 2-3.)

The Second Circuit has held that where a petitioner unjustifiably fails to argue a record-

based ineffective assistance claim on direct appeal, the state court's rejection of that claim in a

440.10 motion is based on an independent and adequate state ground, and the petitioner cannot

bring the claim in a petition for federal habeas review.  *See Sweet v. Bennett*, 353 F.3d 135, 141

(2d Cir.2003) ("[Petitioner's] appellate counsel unjustifiably failed to argue this ineffective

assistance claim on direct appeal despite a sufficient record, and consequently waived the claim

under § 440.10(2)(c).  Accordingly, [petitioner's] claim is procedurally defaulted for the

purposes of federal habeas review as well."); *Taylor v. Poole*, No. 07-CV-6318, 2009 WL

2634724, *16 (S.D.N.Y. Aug. 27, 2009) (noting that "New York courts routinely deny motions

under section 440.10(2)(c) where a defendant has previously failed to raise record-based

arguments on appeal," and "[f]ederal courts have upheld this procedural bar as foreclosing

review of habeas claims") (collecting cases).  However, claims that "rely on facts outside the

record" cannot be "raised on direct appeal" and "are properly raised on a motion to vacate under

section 440.10."  *Davis v. Greene*, No. 04-CV-6132, 2008 WL 216912, at *8 (S.D.N.Y. Jan. 22,

2008); *see also People v. Brown*, 382 N.E.2d 1149, 1149-50 (N.Y. 1978) (holding that because,

"[g]enerally, the ineffectiveness of counsel is not demonstrable on the main record, . . . it would

---

[5] Claims are based on the trial record when a reviewing court could "conclude that defendant's counsel was ineffective simply by reviewing the trial record without the benefit of additional background facts" that would need to be developed through a post-conviction motion pursuant to CPL 440.10.  *People v. Love*, 443 N.E.2d 486, 487 (N.Y. 1982).

be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be

bottomed on an evidentiary exploration by collateral or post-conviction proceedings brought

under CPL 440.10"). Thus, any ineffective assistance of counsel claims not based on the record

were not denied by the state court based on an independent and adequate state ground, and the

claims are not procedurally defaulted for federal habeas review.

Here, Petitioner's first claim for ineffective assistance of counsel – his counsel's alleged

failure to guard against inadmissible evidence in allowing the prosecutor to cross-examine

Petitioner about a prior incident that had been sealed – is based wholly on the trial record. It is

therefore procedurally defaulted for the purposes of federal habeas review, unless Petitioner

demonstrates cause for the default and resulting actual prejudice, or demonstrates that failure to

consider the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at

750. Petitioner makes no attempt to show good cause for failing to raise this issue in his direct

appeal, either in his Petition or his Objections. Instead Petitioner asserts in the Objection that the

claim is not procedurally barred because it could not have been raised on appeal. (Obj. 3.) The

basis for this assertion is not entirely clear. Petitioner writes that his counsel "did inform the

trial court that the alleged burglary and attempted arson case had been sealed . . . and was not

allowed in under CPL 160.50." (*Id.* at 3-4.) Petitioner then points to the pages of the trial

transcript at issue – which he attached to his Petition – and noted that the transcript does not

indicate that the case had been sealed and "could not be allow[ed] in under the Sandoval ruling."

(*Id.* at 4.)

These claims are unpersuasive. First, Petitioner's statement that his counsel informed the

court that the sealed case should not be allowed in is at odds with his claim that his counsel was

17

ineffective by allowing Petitioner to be questioned about the sealed case.[6]  Second, even if the fact that the case was sealed was not mentioned at the time that the prosecutor cross-examined Petitioner about the sealed incident, the trial court's prior ruling permitting those questions was issued following the *Sandoval* hearing, and would certainly be part of the trial record.  An appellate court would have been able to evaluate this claim based solely on the trial record, and accordingly, the claim is procedurally defaulted.  Because Petitioner also has not demonstrated that a failure to consider this claim will "result in a fundamental miscarriage of justice," the Court concludes that Petitioner's first ineffective assistance of counsel claim is procedurally barred and cannot warrant federal habeas relief.[7]

Petitioner's remaining arguments in support of his ineffective assistance claim are not based on the trial record; therefore, the Court is not barred from considering these grounds for relief and has reviewed them on the merits.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  In *Strickland*, the Supreme Court "recognized a two-part test for determining whether a criminal defendant was denied the effective assistance of counsel:  The defendant must demonstrate (1) that his counsel's performance fell below what

---

[6] In contrast, in the Petition, Petitioner asserts that "[c]ounsel was ineffective for not informing the trial court that the prosecutor had violated CPL 160.50 by inquiring into the alleged burglary and attempted arson case," and that counsel led Petitioner "to believe that a constitutional violation had not occurred, when in fact it had."  (Pet'r Mem. 25-26.)  However, as discussed *supra* section II.B.4, a violation of CPL 160.50 is not a constitutional violation.

[7] Even if not procedurally barred, however, the Court finds there is no merit to Petitioner's claim, as it appears trial counsel did all that could be done to attempt to dissuade the trial judge from permitting inquiry about the sealed case.

could be expected of a reasonably competent practitioner; and (2) that he was prejudiced by that

substandard performance." *Pearson v. Callahan*, 555 U.S. 223, 241 (2009); *see also Torres v.*

*Donnelly*, 554 F.3d 322, 325 (2d Cir. 2009) ("To establish that counsel's performance was

constitutionally defective, a defendant must show that the lawyer's performance fell below an

objective standard of reasonableness and that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceedings would have been different."

(internal quotation omitted)). A petitioner "must satisfy both prongs of the two-part [*Strickland*]

test," which is "rigorous" and "highly demanding." *Pavel v. Hollins*, 261 F.3d 210, 216 (2d Cir.

2001) (internal quotation marks omitted).

Petitioner asserts that his counsel was ineffective due to counsel's failure to introduce

grand jury testimony and to call a doctor and other fact witnesses (including Petitioner's mother)

to testify at trial that Petitioner could not bend his knee and thus could not have pinned down the

victim as was alleged at trial.[8] Magistrate Judge Yanthis concluded that Petitioner failed to rebut

the presumption that trial counsel's decisions regarding which witnesses to call was reasonable.

(R&R 22.) The Court agrees. "The decision not to call a particular witness is typically a

question of trial strategy that appellate courts are ill-situated to second-guess." *United States v.*

*Luciano*, 158 F.3d 655, 660 (2d Cir. 1998). Here, the Court finds no evidence that the decisions

of Petitioner's counsel to not call certain witnesses and to not introduce Petitioner's grand jury

---

[8] In his Objection, Petitioner's only specific mention of these claims is that Magistrate Judge Yanthis disregarded his claim regarding the introduction of a doctor's report confirming that Petitioner could not bend his knee, and that this claim was ripe for a decision on the merits. (Obj. 4.) However, Magistrate Judge Yanthis did not conclude that this claim was procedurally barred and, instead, rejected it on the merits. Petitioner did not specifically object to Magistrate Judge Yanthis's recommendation regarding the claim that counsel failed to introduce the grand jury testimony or call the other witnesses to testify about Petitioner's knee. Still, the Court has considered this portion of Magistrate Judge Yanthis' R&R on a de novo basis.

19

testimony on this point prejudiced Petitioner in any way.  First, Petitioner testified at trial as to

the condition of his knee; thus, the jury heard evidence regarding his knee.  (R&R 22.)  Second,

the evidence about Petitioner's pinning of the victim was not relevant to the charged crime or

Petitioner's defense.  At best, this evidence might have been marginally relevant to the victim's

claim that *after* Petitioner struck him in the head, Petitioner came down on the victim to choke

him with the crowbar he used to strike the victim.  According to the victim, when Petitioner

came down on the victim, he pinned the victim with both knees under the victim's armpits.  (Tr.

266, 319, 321, 323-24.)  But, it was reasonable for trial counsel to forego any testimony about

Petitioner's knee, as the supposed use of the knee to pin down the victim followed the blow to

the victim's head, and Petitioner admitted during his testimony that he did, in fact, hit the victim

(with a shovel), and that during the struggle with the victim, he did lie on top of him.[9]  (Tr. 455-

56.)  Whether Petitioner was kneeling or partially kneeling or lying on the victim is hardly

material to the second degree assault charge of which Petitioner was convicted.  Thus, the

omitted testimony would not have affected the core of the prosecution's case against Petitioner,

or Petitioner's defense against the prosecution's theory of guilt.  *See Smith v. McGinnis*, No. 01-

CV-1363, 2008 WL 5203726, at *4-5 (S.D.N.Y. Dec. 11, 2008) (finding that the petitioner was

not prejudiced by his counsel's alleged failure to call witnesses where "the testimony would

have made little difference because the evidence at trial implicating [Petitioner] was

overwhelming," and it was "undisputed" that the victim was hit with a hammer multiple times).[10]

---

[9] It bears noting that Petitioner admitted to the police that he did hit the victim, but with a shovel and not the crowbar.  (Tr. 371-72, 380, 395.)

[10] Moreover, Petitioner has failed to explain how his grand jury testimony about his knee would have been admissible, given that it merely was a prior consistent statement.  *See* Fed R. Evid. 801(d)(1).

As such, Petitioner has failed to establish either prong of the *Strickland* test, and these grounds for his claim of ineffective assistance of counsel do not merit habeas relief.

Petitioner next argues that his counsel was ineffective due to a failure to investigate the case and prepare for trial. Petitioner maintains that his counsel should have investigated the location of the assault and introduced a photograph of the area taken by his girlfriend. Magistrate Judge Yanthis rejected these contentions, and Petitioner has not specifically objected with respect to this ground for relief. The Court agrees that these arguments do not warrant habeas relief, even when considered de novo. Petitioner argues that an investigation of the location and the photograph would dispute the prosecution's theory that the victim fell backward because the assault occurred on a hill. (Pet'r Mem. 34.) Petitioner has failed, however, to show that the decision not to introduce this evidence was either unreasonable, or prejudicial to Petitioner, given that Petitioner himself testified at trial that he hit the victim, thus providing sufficient evidence to satisfy the elements of assault, and given that he has failed to explain why the prosecution's photographs were insufficient. In particular, Petitioner's claim that the photographs would have shown that the victim could not have fallen backward because the incident occurred on a hill is specious, as it does not thwart the evidence that Petitioner struck the victim in the head. Thus, Petitioner's "[v]ague and speculative allegations . . . are insufficient to establish the prejudice required by *Strickland*." *Kemp v. New York*, No. 07-CV-6996, 2009 WL 306258, at *14 (S.D.N.Y. Feb. 9, 2009); *see also McPherson v. Greiner*, No. 02-CV-2726, 2003 WL 22405449, at *25 (S.D.N.Y. Oct. 22, 2003) (rejecting claim of ineffective assistance based on attorney's failure to investigate because "speculation satisfies neither *Strickland*'s deficient performance nor prejudice prongs" (internal quotation marks omitted)).

21

### III.  Conclusion

For the reasons stated above and in the R&R, the Court finds that none of Petitioner's claims warrant habeas relief.  Accordingly, it is

ORDERED that the Report and Recommendation dated April 8, 2010 is ADOPTED.  It is further

ORDERED that Petitioner's writ of habeas corpus is DENIED.  It is further

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidere v. N.Y State Div. Of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith.  It is further

ORDERED that the Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:      White Plains, New York
            October 19 , 2011

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

<u>Service List</u>

For Mailing by Clerk's Office:

Willie Chatmon
(04-A-5125)
Marcy Correctional Facility
Box 3600
Marcy, NY 13403-3600

John James Sergi, Esq.
Westchester County District Attorney
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, NY 10552

Joseph M. Latino, Esq.
Office of the District Attorney
Westchester County Courthouse
111 Martin Luther King, Jr. Blvd.
White Plains, NY 10601

Copy To:

Honorable George A. Yanthis
United States Magistrate Judge